BENTON, Circuit Judge.
The Red River Freethinkers oppose a Ten Commandments monument in Fargo, North Dakota. The district court[1] found the monument permissible under the Establishment Clause. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.
*949 The monument here is essentially the same as those in Van Orden v. Perry, 545 U.S. 677, 125 S.Ct. 2854, 162 L.Ed.2d 607 (2005), and ACLU Nebraska Foundation v. City of Plattsmouth, Nebraska, 419 F.3d 772 (8th Cir.2005) (en banc). It was donated by the Fraternal Order of Eagles in 1958. It sits passively on the Civic Plaza. It shows the Ten Commandments alongside other symbols, such as the American flag and an “allseeing eye” within a pyramid. See Twombly v. City of Fargo, 388 F.Supp.2d 983, 984-86, 992-93 (D.N.D. 2005) (reciting the history of this -monument and finding it permissible under Van Orden and Plattsmouth).
In response to the Freethinkers’ offer of another monument, the City decided to relocate the Ten Commandments monument (which had sat undisturbed for over 40 years). See Red River Freethinkers v. City of Fargo, 679 F.3d 1015, 1017-18 (8th Cir.2012) (Freethinkers I) (describing previous litigation). Many opposed the City’s decision. A petition to keep the monument gathered more than 5,000 signatures. The petition gave the Board of City Commissioners the option to adopt, or submit to the voters, the following ordinance: “A marker or monument on City of Fargo property for 40 or more years may not be removed from its location on City of Fargo property.” Many of the supporters invoked Christian principles. Others made statements such as “the monument has been at its current location for a long time,” and “this is a democracy and the majority have spoken to have [the monument] remain.”
After reviewing the petition, the City adopted the ordinance, leaving the monument in place. A month later, the City adopted a policy of not accepting additional monuments on the Civic Plaza. The Freethinkers sued, claiming that the petition and the City’s reaction had made the monument impermissible under the Establishment Clause. The district court dismissed for lack of standing, but this court reversed and remanded for a decision on the merits. Freethinkers I, 679 F.3d at 1028. On remand, the district court granted summary judgment to the City. The Freethinkers appeal.
Summary judgment is appropriate when, construing the evidence favorably to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law! Fed.R.Civ.P. 56; Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 775 (8th Cir.1995). Summary judgment is subject to de novo review, drawing all. reasonable inferences in favor of the nonmoving party. Wenzel v. Missouri-American Water Co., 404 F.3d 1038, 1039 (8th Cir.2005).
A passive display of the Ten Commandments on public land is evaluated by the standard in Van Orden v. Perry, 545 U.S. at 690-91,125 S.Ct. 2854, which found Lemon v. Kurtzman, 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971), “not useful in dealing with [a] passive monument.” Van Orden, 545 U.S. at 686, 125 S.Ct. 2854. The monument there stood in the Texas Capitol grounds for 40 years, alongside secular symbols. The Supreme Court found that “Texas has treated its Capitol grounds monuments as representing the several strands in the State’s political and legal history.” Id. at 691, 125 S.Ct. 2854. It noted that the Ten Commandments monument had “a dual significance, partaking of both religion and government.” Id. at 692, 125 S.Ct. 2854. The Supreme Court held the monument permissible under the Establishment Clause. Id. This court found Van Orden controlling in Plattsmouth: “The Supreme Court’s decision in Van Orden governs.our resolution of this case. Like the Ten Commandments monument at issue in Van Orden, *950 the Plattsmouth monument makes passive — and permissible — use of the text of the Ten Commandments to acknowledge the role of religion in our Nation’s heritage.” Plattsmouth, 419 F.3d at 776-77.
Van Orden and Plattsmouth control here unless this monument is different. The monument has not been physically altered. See Staley v. Harris Cnty., Tex., 461 F.3d 504, 514 (5th Cir.2006), reh’g en banc, 485 F.3d 305 (5th Cir.2007) (addition of a neon light around a Bible changed the meaning of a monument). It sat undisturbed for many years. See Green v. Haskell Cnty. Bd. of Com’rs, 568 F.3d 784, 806 (10th Cir.2009) (noting that “years of tranquility ‘suggest more strongly than can any set of formulaic tests that few individuals, whatever their system of beliefs, are likely to have understood the monument as amounting, in any significantly detrimental way, to a government effort to - favor a particular religious sect, primarily to promote religion over nonreligion.’ ”), quoting Van Orden, 545 U.S. at 702, 125 S.Ct. 2854 (Breyer,. J., concurring). The Freethinkers claim that the Christian overtones to the petition movement changed public perception of the monument. See Pleasant Grove City, Utah v. Summum, 555 U.S. 460, 477, 129 S.Ct. 1125, 172 L.Ed.2d 853 (2009) (“The message conveyed by a monument may change over time. A study of war memorials found that people reinterpret the meaning of these memorials as historical interpretations and the society around them changes.”) (quotations omitted); McCreary Cnty., Ky. v. American Civil Liberties Union of Ky., 545 U.S. 844, 862, 125 S.Ct. 2722, 162 L.Ed.2d 729 (2005) (allowing examination of legislative history in an Establishment Clause challenge); American Atheists, Inc. v. Davenport, 637 F.3d 1095, 1118 (10th Cir.2010) (attributing motivation of private actors to government officials).
Summum examined the effect of communal action on a public monument. The Supreme Court said that
it frequently is not possible to identify a single “message” that is conveyed by an object or structure, and consequently, the thoughts or sentiments expressed by a government entity that accepts and displays such an object may be quite different from those of either its creator or its donor.... Indeed, when a privately donated memorial is funded by many small donations, the donors themselves may differ in their interpretation of the monument’s significance. ’ By accepting such a monument, a government entity does not necessarily endorse the specific meaning that any particular donor sees in the monument. .
Summum, 555 U.S. at 476-77, 129 S.Ct. 1125 (footnotes omitted). The petition here parallels the fund drive in Summum. The petitioners combined “many small donations” of political will to sway the City. They expressed both religious and secular reasons to retain the monument. The Board of City Commissioners did not adopt a religious point of view, instead citing legal challenges, the City’s interest in ending anguished debate, and the importance of embracing and tolerating “all people.” By adopting the petition, the City did not “necessarily endorse the specific meaning that any particular [petitioner] sees in the monument.” Id.
The monument here is permissible under Van Orden and Plattsmouth. The Freethinkers’ lawsuit, and' the various motives of the petitioners who responded, did not change its meaning under Summum. A contrary holding — that an Establishment Clause dispute itself can render a monument impermissible under the Establishment Clause — would “encourage disputes concerning the removal of longstanding depictions of the Ten Commandments
*951 ... [and] thereby create the very kind of religiously based divisiveness that the Establishment Clause seeks to avoid.” Van Orden, 545 U.S. at 704, 125 S.Ct. 2854 (Breyer, J., concurring). The district court correctly granted summary judgment that the monument does not violate the Establishment Clause.[2]
The judgment is affirmed.

. The Honorable Ralph R. Erickson, Chief Judge, United States District Court for the District of North Dakota.

. The Freethinkers argue that on remand, the district court failed to follow the direction of this court to more thoroughly examine the motivations behind the City's decision. The district court sufficiently addressed the issues this court identified.